SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

**CYNTHIA MIRELLA ORE**  :
5801 Nicholson Lane
Rockville, MD 20852  :

     Plaintiff,  :

    v.  : Civil Action No.

**DONALD LEWIS SHERWOOD**  :
41 Sherwood Lane
Tunkhannock, PA 18657  :  05-0004543

     Defendant.  :

RECEIVED
Civil Clerk's Office
JUN 1 5 2005
Superior Court of the
District of Columbia
Washington, D.C.

**COMPLAINT FOR DAMAGES**
(Assault & Battery; Gross Negligence; Intentional
Infliction of Emotional Distress; Compensatory & Punitive Damages)

**JURISDICTION AND VENUE**

1. Jurisdiction and venue are vested in this Court pursuant to D.C. Code § 11-921 (1981 ed., as amended), since a substantial part of the events, acts and/or omissions giving rise to Plaintiff's claims occurred in the District of Columbia.

**PARTIES**

2. Plaintiff, Cynthia Mirella Ore, is an adult resident of the state of Maryland.

3. Defendant, Donald Lewis Sherwood, is an adult resident of the state of Pennsylvania.

## FACTS

4.  In September of 1999, Plaintiff Cynthia Mirella Ore met Defendant Donald Sherwood.

5.  Shortly thereafter, Plaintiff and Defendant Sherwood formed a close romantic and intimate personal relationship which continued for approximately five years.

6.  During the majority of the five-year intimate relationship, the Plaintiff was cohabitating with Defendant Sherwood at his place of residence located at 110 D Street, SE, Apartment 215 in Washington, DC.

7.  Throughout this long-term relationship, Defendant Sherwood repeatedly and violently physically assaulted and abused Plaintiff. These assaults and abuses included, but were not limited to Defendant Sherwood repeatedly striking Plaintiff on her face, neck, chest, and back, violently yanking on Plaintiff's hair, and repeatedly choking and attempting to strangle Plaintiff by placing his hands around her neck.

8.  On June 24, 2004, Plaintiff and Defendant Sherwood were present at Defendant Sherwood's residence located at 110 D Street, SE, Apartment 215 in Washington, DC. On the morning of this date, Plaintiff was laying on the Defendant's bed attempting to sleep. Without any reason or justification, Defendant Sherwood repeatedly struck the Plaintiff's face, neck, chest and back with a closed fist, and began violently choking her. This unprovoked, cowardly, brutal and vicious attack occurred without warning. As a result of this violent assault, the Plaintiff suffered substantial physical and emotional injuries.

9. During the course of their five-year intimate relationship, Defendant Sherwood violently physically assailed the Plaintiff on numerous occasions prior to and subsequent to the June 24, 2004 assault. Following each unprovoked and vicious attack, Defendant Sherwood reaffirmed his romantic intentions and promised the Plaintiff that he would not assault her in the future, and pleaded for her to remain in the relationship.

10. At approximately 2:25 p.m. on the afternoon of September 15, 2004, Plaintiff and Defendant were in Defendant Sherwood's residence located at 110 D Street, SE, Apartment 215 in Washington, DC.

11. At this time, Defendant instigated a verbal argument with the Plaintiff. Suddenly and without any provocation or justification, Defendant violently struck the Plaintiff on her face, neck, chest and back with a closed fist. During this violent assault, Defendant Sherwood also repeatedly attempted to choke and/or strangle the Plaintiff by grabbing her neck with his hands and squeezing tightly. The assault lasted for several minutes before Plaintiff was able to free herself from Defendant Sherwood's control, escaped into the bathroom and locked the door, and called 911 for the Metropolitan Police Department of the District of Columbia.

12. Shortly after the Plaintiff called a 911 operator of the Metropolitan Police Department to report this vicious attack, members of the Metropolitan Police Department arrived at 110 D Street, SE, Apartment 215 in Washington, DC. Plaintiff suffered serious physical and emotional injuries due to this violent, cowardly and unprovoked assault by Defendant Sherwood.

13. In addition to the aggravated conduct referenced in the preceding paragraph, Defendant Sherwood physically assaulted Plaintiff on numerous occasions between the June 24, 2004 and September 15, 2004 assaults.

14. As a result of many of the assaults referenced in the preceding paragraphs, the Plaintiff was required to seek hospital and/or medical attention for her injuries and damages caused by the Defendant's violent, cowardly and unprovoked attacks.

15. Although the Defendant routinely engaged in the violent behavior described in the preceding paragraphs, Plaintiff remained in the intimate relationship with the Defendant's repeated promises to marry Plaintiff and start a family.

16. On or about September 22, 2004, Defendant Sherwood made repeated threats to physically harm Plaintiff if she were to make any further attempt to inform the Metropolitan Police Department and/or any other law enforcement agency of the physical assaults Defendant Sherwood had committed on her.

17. As a result of the threats referenced in the preceding paragraph, Plaintiff has feared and continues to fear for her life and has suffered serious emotional and physical injuries. Plaintiff intends to pursue obtaining a restraining order forbidding Defendant Sherwood from having further contact with Plaintiff.

## COUNT I
(Assault & Battery)

18. Plaintiff Cynthia Mirella Ore hereby incorporates, by reference, the allegations made in paragraphs 1 through 17, as though fully set forth herein.

19. At all times relevant to this Complaint, Defendant Sherwood owed a duty to the Plaintiff to refrain from unconsented physical contact with the Plaintiff.

20. At all times relevant to this Complaint, and particularly during the time when Plaintiff had an intimate physical relationship with Defendant Sherwood, Defendant Sherwood owed a duty to the Plaintiff to comport himself consistent with the norms of a civilized society.

21. Plaintiff further alleges that Defendant Sherwood breached the duties owed to her by brutally assaulting and striking the Plaintiff on numerous occasions between September 1999 and September 15, 2004.

22. As a direct and proximate result of Defendant Sherwood's physical attacks and assaults on Plaintiff, the Plaintiff has sustained numerous physical injuries including, but not limited to, facial lacerations, bruises about the head, neck and other portions of her body, head injury, injuries to her teeth, mouth and gums, back and neck strain, injuries to her scalp, and suffered severe emotional injuries and sustained other injuries and damages.

23. As a further direct and proximate result of Defendant Sherwood's violent assaults and attacks, the Plaintiff has suffered pain, mental anguish, fright, shame, mortification, humiliation and indignity, and has incurred medical expenses and other damages.

WHEREFORE, the Plaintiff, Cynthia Mirella Ore demands judgment in the form of compensatory damages in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.

## COUNT II
(Gross Negligence)

24. The Plaintiff hereby incorporates, by reference, the allegations made in paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff further alleges that the conduct of Defendant Sherwood was grossly negligent as this conduct was undertaken with reckless disregard for the health and safety of the Plaintiff.

26. Plaintiff further alleges that Defendant Sherwood knew, or in the exercise of reasonable care should have known, that repeated violent physical assaults and attacks on the Plaintiff constituted a serious danger to the physical and mental well being of the Plaintiff.

27. As a direct and proximate result of Defendant Sherwood's physical attacks and assaults on Plaintiff, the Plaintiff has sustained numerous physical injuries including, but not limited to, facial lacerations, bruises about the head, neck and other portions of her body, head injury, injuries to her teeth, mouth and gums, back and neck strain, injuries to her scalp, and suffered severe emotional injuries and sustained other injuries and damages.

28. As a further direct and proximate result of Defendant Sherwood's violent assaults and attacks, the Plaintiff has suffered pain, mental anguish, fright, shame, mortification, humiliation and indignity, and has incurred medical expenses and other damages.

WHEREFORE, the Plaintiff, Cynthia Mirella Ore demands judgment in the form of compensatory damages in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.

### COUNT III
(Intentional Infliction of Emotional Distress)

29. The Plaintiff incorporates, by reference, paragraphs 1 through 28 as though fully set forth herein and further states that Defendant Sherwood's repeated violent and cowardly assaults on the Plaintiff constitute extreme and outrageous conduct.

30. Defendant Sherwood's extreme and outrageous conduct intentionally or recklessly caused the Plaintiff to suffer severe mental anguish and emotional distress, shame, fright, humiliation, mortification, aggravation, and frustration; sustain out-of-pocket losses for her medical expenses; and endure other emotional damages.

WHEREFORE, the Plaintiff, Cynthia Mirella Ore demands judgment in the form of compensatory damages in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.

### COUNT IV
(Punitive Damages)

31. The Plaintiff hereby incorporates, by reference, the allegations made in paragraphs 1 through 30, as though fully set forth herein, and states further that Defendant Sherwood acted with an evil motive, actual malice, deliberate violence or oppression, and with the intent to injure Plaintiff.

32. Plaintiff further alleges that the conduct of Defendant Sherwood was willful, wanton, reckless and in abject disregard of and with conscious indifference to the Plaintiff's rights and safety.

WHEREFORE, the Plaintiff, Cynthia Mirella Ore demands judgment in the form of exemplary damages against the Defendant in the full and just amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00), plus interest and costs.

### JURY DEMAND

The Plaintiff, through counsel, requests a trial by jury on all of the above claims.

Respectfully submitted,

REGAN, HALPERIN & LONG, PLLC

By: _____
Patrick M. Regan         #336107
Jonathan E. Halperin     #435512
Paul Cornoni             #489398
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
PH: (202) 463-3030
*Attorneys for the Plaintiff*

- 8 -

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Cynthia Mirella Orc

*Plaintiff*

vs.

Donald Sherwood

*Defendant*

Civil Action No. 05-0004543

## SUMMONS

To the above named Defendant: Donald Sherwood, 41 Sherwood Lane, Tunkhannock, PA 18657

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Patrick M. Regan
Name of Plaintiff's Attorney

Regan, Halperin & Long, PLLC
Address
1919 M. St. NW Ste 350, Washington, DC 20036

(202) 463-3030
Telephone

By _____ Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CYNTHIA MIRELLA ORE
   Vs.                                        C.A. No.    2005 CA 004543 B
DONALD LEWIS SHERWOOD

### INITIAL ORDER

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                            Chief Judge Rufus G. King, III

Case Assigned to: Judge RUSSELL F CANAN

Initial Conference: 9:30 am, Friday, September 16, 2005
Location: Courtroom 518
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001