**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CYNTHIA M. ORE,

Plaintiff,

v.

DONALD L. SHERWOOD,

Defendant.

Civil Action No. __________

## ANSWER

Defendant Donald L. Sherwood, by and through his undersigned counsel, answers Plaintiff Cynthia M. Ore's Complaint for Damages as follows:

Complaint:

1. *Jurisdiction and venue are vested in this Court pursuant to D.C. Code § 11-921 (1981 ed., as amended), since a substantial part of the events, acts and/or omissions giving rise to Plaintiff's claims occurred in the District of Columbia.*

Answer:

1. In answer to the allegations in paragraph 1 of the Complaint, Defendant denies the allegations.

Complaint:

2. *Plaintiff, Cynthia Mirella Ore, is an adult resident of the state of Maryland.*

Answer:

2. In answer to the allegations in paragraph 2 of the Complaint, Defendant admits that Plaintiff is an adult resident of the state of Maryland.

Complaint:

3. *Defendant, Donald Lewis Sherwood, is an adult resident of the state of*

*Pennsylvania.*

Answer:

3. In answer to the allegations in paragraph 3 of the Complaint, Defendant admits that he is an adult resident of the state of Pennsylvania.

Complaint:

*4. In September of 1999, Plaintiff Cynthia Mirella Ore met Defendant Donald Sherwood.*

Answer:

4. In answer to the allegations in paragraph 4 of the Complaint, Defendant admits that he met Plaintiff but lacks knowledge or information sufficient to form a belief concerning the exact date on which that meeting occurred.

Complaint:

5. *Shortly thereafter, Plaintiff and Defendant Sherwood formed a close romantic and intimate personal relationship which continued for approximately five years.*

Answer:

5. In answer to the allegations in paragraph 5 of the Complaint, Defendant admits that he formed a close, personal relationship with Plaintiff that continued intermittently until September 15, 2004.

Complaint:

*6. During the majority of the five-year intimate relationship, the Plaintiff was cohabitating with Defendant Sherwood at his place of residence located at 110 D Street, SE, Apartment 215 in Washington, DC.*

Answer:

6. In answer to the allegations in paragraph 6 of the Complaint, Defendant admits that he rents Apartment 215 located at 110 D Street, S.E. in Washington, DC but denies the remaining allegations.

Complaint:

*7. Throughout this long-term relationship, Defendant Sherwood repeatedly and violently physically assaulted and abused Plaintiff. These assaults and abuses included, but were not limited to Defendant Sherwood repeatedly striking Plaintiff on her face, neck, chest, and back, violently yanking on Plaintiffs hair, and repeatedly choking and attempting to strangle Plaintiff by placing his hands around her neck.*

Answer:

7. In answer to the allegations in paragraph 7 of the Complaint, Defendant denies all allegations.

Complaint:

*8. On June 24, 2004, Plaintiff and Defendant Sherwood were present at Defendant Sherwood's residence located at 110 D Street, SE, Apartment 215 in Washington, DC. On the morning of this date, Plaintiff was laying on the Defendant's bed attempting to sleep. Without any reason or justification, Defendant Sherwood repeatedly struck the Plaintiffs face, neck, chest and back with a closed fist, and began violently choking her. This unprovoked, cowardly, brutal and vicious attack occurred without warning. As a result of this violent assault, the Plaintiff suffered substantial physical and emotional injuries.*

Answer:

8. In answer to the allegations in paragraph 8 of the Complaint, Defendant lacks

knowledge or information sufficient to form a belief concerning whether plaintiff was present at 110 D Street, S.E., Apartment 215 in Washington, DC on June 24, 2004, but denies all remaining allegations.

Complaint:

*9. During the course of their five-year intimate relationship, Defendant Sherwood violently physically assailed the Plaintiff on numerous occasions prior to and subsequent to the June 24, 2004 assault. Following each unprovoked and vicious attack, Defendant Sherwood reaffirmed his romantic intentions and promised the Plaintiff that he would not assault her in the future, and pleaded for her to remain in the relationship.*

Answer:

9. In answer to the allegations in paragraph 9 of the Complaint, Defendant denies all allegations.

Complaint:

*10. At approximately 2:25 p.m. on the afternoon of September 15, 2004, Plaintiff and Defendant were in Defendant Sherwood's residence located at 110 D Street, SE, Apartment 215 in Washington, DC.*

Answer:

10. In answer to the allegations in paragraph 10 of the Complaint, Defendant admits that he was present with Plaintiff at 110 D Street, S.E., Apartment 215 in Washington, DC on September 15, 2004, but lacks knowledge or information sufficient to form a belief concerning the precise time.

Complaint:

*11. At this time, Defendant instigated a verbal argument with the Plaintiff. Suddenly*

*and without any provocation or justification, Defendant violently struck the Plaintiff on her face, neck, chest and back with a closed fist. During this violent assault, Defendant Sherwood also repeatedly attempted to choke and/or strangle the Plaintiff by grabbing her neck with his hands and squeezing tightly. The assault lasted for several minutes before Plaintiff was able to free herself from Defendant Sherwood's control, escaped into the bathroom and locked the door, and called 911 for the Metropolitan Police Department of the District of Columbia.*

Answer:

11. In answer to the allegations in paragraph 11 of the Complaint, Defendant currently understands that Plaintiff called 911 but denies all remaining allegations.

Complaint:

*12. Shortly after the Plaintiff called a 911 operator of the Metropolitan Police Department to report this vicious attack, members of the Metropolitan Police Department arrived at 110 D Street, SE, Apartment 215 in Washington, DC. Plaintiff suffered serious physical and emotional injuries due to this violent, cowardly and unprovoked assault by Defendant Sherwood.*

Answer:

12. In answer to the allegations in paragraph 12 of the Complaint, Defendant admits that members of the Metropolitan Police Department arrived at 110 D Street, S.E., Apartment 215 in Washington, DC but denies all remaining allegations.

Complaint:

*13. In addition to the aggravated conduct referenced in the preceding paragraph, Defendant Sherwood physically assaulted Plaintiff on numerous occasions between the June 24, 2004 and September 15, 2004 assaults.*

Answer:

13. In answer to the allegations in paragraph 13 of the Complaint, Defendant denies all allegations.

Complaint:

*14. As a result of many of the assaults referenced in the preceding paragraphs, the Plaintiff was required to seek hospital and/or medical attention for her injuries and damages caused by the Defendant's violent, cowardly and unprovoked attacks.*

Answer:

14. In answer to the allegations in paragraph 14 of the Complaint, Defendant denies all allegations.

Complaint:

*15. Although the Defendant routinely engaged in the violent behavior described in the preceding paragraphs, Plaintiff remained in the intimate relationship with the Defendant's repeated promises to marry Plaintiff and start a family.*

Answer:

15. In answer to the allegations in paragraph 15 of the Complaint, Defendant denies all allegations.

Complaint:

*16. On or about September 22, 2004, Defendant Sherwood made repeated threats to physically harm Plaintiff if she were to make any further attempt to inform the Metropolitan Police Department and/or any other law enforcement agency of the physical assaults Defendant Sherwood had committed on her.*

Answer:

16. In answer to the allegations in paragraph 16 of the Complaint, Defendant denies all allegations.

Complaint:

*17. As a result of the threats referenced in the preceding paragraph, Plaintiff has feared and continues to fear for her life and has suffered serious emotional and physical injuries. Plaintiff intends to pursue obtaining a restraining order forbidding Defendant Sherwood from having further contact with Plaintiff.*

Answer:

17. In answer to the allegations in paragraph 17 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief concerning Plaintiff's intended actions, but Defendant denies all remaining allegations.

Complaint:

*18. Plaintiff Cynthia Mirella Ore hereby incorporates, by reference, the allegations made in paragraphs 1 through 17, as though fully set forth herein.*

Answer:

18. In answer to the allegations in paragraph 18 of the Complaint, Defendant incorporates by reference his answers to paragraphs 1 through 17.

Complaint:

*19. At all times relevant to this Complaint, Defendant Sherwood owed a duty to the Plaintiff to refrain from unconsented physical contact with the Plaintiff.*

Answer:

19. In answer to the allegations in paragraph 19 of the Complaint, Defendant avers

that the allegations purport to state a legal conclusion to which no answer is required.

Complaint:

*20. At all times relevant to this Complaint, and particularly during the time when Plaintiff had an intimate physical relationship with Defendant Sherwood, Defendant Sherwood owed a duty to the Plaintiff to comport himself consistent with the norms of a civilized society.*

Answer:

20. In answer to the allegations in paragraph 20 of the Complaint, Defendant avers that the allegations purport to state a legal conclusion to which no answer is required.

Complaint:

*21. Plaintiff further alleges that Defendant Sherwood breached the duties owed to her by brutally assaulting and striking the Plaintiff on numerous occasions between September 1999 and September 15, 2004.*

Answer:

21. In answer to the allegations in paragraph 21 of the Complaint, Defendant denies all allegations.

Complaint:

*22. As a direct and proximate result of Defendant Sherwood's physical attacks and assaults on Plaintiff, the Plaintiff has sustained numerous physical injuries including, but not limited to, facial lacerations, bruises about the head, neck and other portions of her body, head injury, injuries to her teeth, mouth and gums, back and neck strain, injuries to her scalp, and suffered severe emotional injuries and sustained other injuries and damages.*

Answer:

22. In answer to the allegations in paragraph 22 of the Complaint, Defendant denies

all allegations.

Complaint:

*23. As a further direct and proximate result of Defendant Sherwood's violent assaults and attacks, the Plaintiff has suffered pain, mental anguish, fright, shame, mortification, humiliation and indignity, and has incurred medical expenses and other damages.*

Answer:

23. In answer to the allegations in paragraph 23 of the Complaint, Defendant denies all allegations.

Complaint:

*WHEREFORE, the Plaintiff, Cynthia Mirella Ore demands judgment in the form of compensatory damages in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.*

Answer:

In answer to the allegations in the unnumbered "wherefore" paragraph of the Complaint, Defendant denies all allegations. Defendant denies that Plaintiff is entitled to any relief.

Complaint:

*24. The Plaintiff hereby incorporates, by reference, the allegations made in paragraphs 1 through 23 as though fully set forth herein.*

Answer:

24. In answer to the allegations in paragraph 24 of the Complaint, Defendant incorporates by reference his answers to paragraphs 1 through 23.

Complaint:

*25. Plaintiff further alleges that the conduct of Defendant Sherwood was grossly*

*negligent as this conduct was undertaken with reckless disregard for the health and safety of the Plaintiff.*

Answer:

25. In answer to the allegations in paragraph 25 of the Complaint, Defendant denies all allegations.

Complaint:

*26. Plaintiff further alleges that Defendant Sherwood knew, or in the exercise of reasonable care should have known, that repeated violent physical assaults and attacks on the Plaintiff constituted a serious danger to the physical and mental well being of the Plaintiff.*

Answer:

26. In answer to the allegations in paragraph 26 of the Complaint, Defendant denies all allegations.

Complaint:

*27. As a direct and proximate result of Defendant Sherwood's physical attacks and assaults on Plaintiff, the Plaintiff has sustained numerous physical injuries including, but not limited to, facial lacerations, bruises about the head, neck and other portions of her body, head injury, injuries to her teeth, mouth and gums, back and neck strain, injuries to her scalp, and suffered severe emotional injuries and sustained other injuries and damages.*

Answer:

27. In answer to the allegations in paragraph 27 of the Complaint, Defendant denies all allegations.

Complaint:

*28. As a further direct and proximate result of Defendant Sherwood's violent assaults*

*and attacks, the Plaintiff has suffered pain, mental anguish, fright, shame, mortification, humiliation and indignity, and has incurred medical expenses and other damages.*

Answer:

28. In answer to the allegations in paragraph 28 of the Complaint, Defendant denies all allegations.

Complaint:

*WHEREFORE, the Plaintiff, Cynthia Mirella Ore demands judgment in the form of compensatory damages in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.*

Answer:

In answer to the allegations in the unnumbered "wherefore" paragraph of the Complaint, Defendant denies all allegations. Defendant denies that Plaintiff is entitled to any relief.

Complaint:

*29. The Plaintiff incorporates, by reference, paragraphs 1 through 28 as though fully set forth herein and further states that Defendant Sherwood's repeated violent and cowardly assaults on the Plaintiff constitute extreme and outrageous conduct.*

Answer:

29. In answer to the allegations in paragraph 29 of the Complaint, Defendant incorporates by reference his answers to paragraphs 1 through 28, and denies all other allegations.

Complaint:

*30. Defendant Sherwood's extreme and outrageous conduct intentionally or recklessly caused the Plaintiff to suffer severe mental anguish and emotional distress, shame,*

*fright, humiliation, mortification, aggravation, and frustration; sustain out-of-pocket losses for her medical expenses; and endure other emotional damages.*

Answer:

30. In answer to the allegations in paragraph 30 of the Complaint, Defendant denies all allegations.

Complaint:

*WHEREFORE, the Plaintiff, Cynthia Mirella Ore demands judgment in the form of compensatory damages in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.*

Answer:

In answer to the allegations in the unnumbered "wherefore" paragraph of the Complaint, Defendant denies all allegations. Defendant denies that Plaintiff is entitled to any relief.

Complaint:

*31. The Plaintiff hereby incorporates, by reference, the allegations made in paragraphs 1 through 30, as though fully set forth herein, and states further that Defendant Sherwood acted with an evil motive, actual malice, deliberate violence or oppression, and with the intent to injure Plaintiff*

Answer:

31. In answer to the allegations in paragraph 31 of the Complaint, Defendant incorporates by reference his answers to paragraphs 1 through 30, and denies all other allegations.

Complaint:

*32. Plaintiff further alleges that the conduct of Defendant Sherwood was willful,*

*wanton, reckless and in abject disregard of and with conscious indifference to the Plaintiff's rights and safety.*

Answer:

32. In answer to the allegations in paragraph 32 of the Complaint, Defendant denies all allegations.

Complaint:

*Wherefore, the Plaintiff, Cynthia Mirella Ore demands judgment in the form of exemplary damages against the Defendant in the full and just amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00), plus interest and costs.*

Answer:

In answer to the allegations in the unnumbered "wherefore" paragraph of the Complaint, Defendant denies all allegations. Defendant denies that Plaintiff is entitled to any relief.

All allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**
**(Failure to State a Claim)**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**
**(Statute of Limitations)**

2. Certain of Plaintiff's allegations are barred by limitations.

**Third Affirmative Defense**
**(Damages Limitations)**

3. Certain of Plaintiff's claims are barred, or her damages limited, by applicable damages limitations.

**Fourth Affirmative Defense**
**(Fourteenth Amendment)**

4. Plaintiff's request for punitive or exemplary damages is barred or limited by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Defendant prays that the Court dismiss the claims against Defendant with prejudice and award Defendant costs and other such relief as it deems appropriate.

Dated: July ~~20~~ 21, 2005

Respectfully submitted,

[signature]

Bobby R. Burchfield (D.C. Bar # 289124)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

*Counsel for Defendant*
*Donald L. Sherwood*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July, 2005, I caused a true and correct copy of the foregoing ANSWER to be served via hand delivery on the following:

Patrick M. Regan
Jonathan E. Halperin
Paul Cornoni
REGAN, HALPERIN & LONG, PLLC
1919 M Street, N.W., Suite 350
Washington, D.C. 20036

Meredith Caskey