IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA MIRELLA ORE,<br><br>*Plaintiff,*<br><br>v.<br><br>DONALD LEWIS SHERWOOD,<br><br>*Defendant.* | Civil Action No. 1:05CV01434 (PLF/DAR)<br><br>**Judge Paul L. Friedman**<br>**Magistrate Judge Deborah A. Robinson** |

**DEFENDANT'S MOTION FOR CONFIDENTIALITY ORDER
PROHIBITING PUBLIC DISCLOSURE OF CERTAIN DISCOVERY MATERIALS**

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Donald L. Sherwood respectfully requests that the Court enter a confidentiality order prohibiting public disclosure of certain discovery materials in the above captioned matter. A confidentiality order is necessary to protect the privacy rights of both parties and nonparties to the litigation. An order also is required to prevent undue prejudice to Defendant caused by pretrial publicity and improper use of discovery materials. Plaintiff would not be prejudiced in any way by the entry of a confidentiality order, nor would such an order improperly infringe on the public's right of access to these proceedings. Accordingly, Defendant respectfully requests that the Court grant Defendant's motion and enter the proposed confidentiality order. If the Court finds that a

hearing on this matter would be useful, Defendant requests that oral argument be scheduled on this motion.

Respectfully submitted,

*Bobby R. Burchfield*/MNC
Bobby R. Burchfield (D.C. Bar # 289124)
Meredith N. Caskey (D.C. Bar # 482449)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

*Counsel for Defendant*
*Donald L. Sherwood*

September 23, 2005

## CERTIFICATE OF CONSULTATION

Counsel for Defendant hereby certifies that the parties conferred regarding the issues set forth in this Motion and made a good faith effort to resolve this dispute before filing this Motion with the Court. Counsel for Plaintiff opposes this Motion.

*Bobby R. Burchfield*/MNC
*Counsel for Defendant*
*Donald L. Sherwood*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA MIRELLA ORE,<br><br>    *Plaintiff,*<br><br>v.<br><br>DONALD LEWIS SHERWOOD,<br><br>    *Defendant.* | Civil Action No. 1:05CV01434 (PLF/DAR)<br><br>Judge Paul L. Friedman<br>Magistrate Judge Deborah A. Robinson |

DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION FOR CONFIDENTIALITY ORDER PROHIBITING
PUBLIC DISCLOSURE OF CERTAIN DISCOVERY MATERIALS

              Bobby R. Burchfield (D.C. Bar # 289124)
              Meredith N. Caskey (D.C. Bar # 482449)
              MCDERMOTT WILL & EMERY LLP
              600 Thirteenth Street, N.W.
              Washington, D.C. 20005
              Telephone: (202) 756-8000
              Facsimile: (202) 756-8087

              *Counsel for Defendant*
              *Donald L. Sherwood*

September 23, 2005

## TABLE OF CONTENTS

Page

INTRODUCTION ..............................................................................................................1

FACTUAL BACKGROUND............................................................................................1

ARGUMENT......................................................................................................................2

    I.    A CONFIDENTIALITY ORDER IS NECESSARY TO PROTECT THE PRIVACY RIGHTS OF BOTH PARTIES AND NONPARTIES ...................................................................................................4

        A.    A Confidentiality Order Is Necessary To Protect the Privacy Rights of the Parties ............................................................4

        B.    A Confidentiality Order Is Also Necessary To Protect the Interests of Nonparties...................................................................6

    II.    A CONFIDENTIALITY ORDER IS NECESSARY TO PREVENT UNDUE PREJUDICE TO DEFENDANT...............................8

    III.    THERE IS NO PREJUDICE TO PLAINTIFF FROM ENTRY OF A CONFIDENTIALITY ORDER..........................................................12

    IV.    THE PUBLIC'S RIGHTS ARE NOT INFRINGED BY A CONFIDENTIALITY ORDER..............................................................13

CONCLUSION ................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**      **Page**

*Alexander v. FBI*, 186 F.R.D. 54 (D.D.C. 1998)...................................................................5

*Anderson v. Cryovac, Inc.*, 805 F.2d 1 (1st Cir. 1986).............................................................8

*Anderson v. Ramsey*, No. 04-56, 2005 U.S. Dist. LEXIS 2935 (D.D.C. Mar. 1, 2005).................5

*Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869 (7th Cir. 1997)..........................5

*In re Alexander Grant & Co. Litig.*, 820 F.2d 352 (11th Cir. 1987).............................................8

*In re San Juan Star Co.*, 662 F.2d 108 (1st Cir. 1981)..............................................................8

*In re Sealed Case*, 381 F.3d 1205 (D.C. Cir. 2004) ...............................................................4

*In re Special Proceedings*, 291 F. Supp. 2d 44 (D.R.I. 2003).....................................................8

*Inhofe v. Wiseman*, 772 P.2d 389 (Okla. 1989)...............................................................10, 11

*Jones v. Clinton*, 12 F. Supp. 2d 931 (E.D. Ark. 1998)....................................................8, 9, 11

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359 (6th Cir. 1999)........................................................7

*Miller v. Regents of the Univ. of Colo.*, No. 98-1012, 1999 U.S. App. LEXIS 16712 (10th Cir. July 19, 1999).........................................................................................................6

*Paisley Park Enters., Inc. v. Uptown Prods.*, 54 F. Supp. 2d 347 (S.D.N.Y. 1999)..........10, 11, 13

*Pearson v. Miller*, 211 F.3d 57 (3d Cir. 2000) ..................................................................4, 5

*Peskoff v. Faber*, No. 04-526, 2005 U.S. Dist. LEXIS 14695 (D.D.C. July 22, 2005)..................5

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)....................................................passim

*Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118 (D.D.C. 2005) .........................6, 7

*United States v. McDougal*, 103 F.3d 651 (8th Cir. 1996)........................................................12

*United States v. McDougal*, 940 F. Supp. 224 (E.D. Ark. 1996) ........................................10, 12

**Rules**

Fed. R. Civ. P. 26(c) ..................................................................................................................3


**Other Authorities**

Michael J. Henke and Craig D. Margolis, *The Taking and Use of Video Depositions: An Update*, 17 Rev. Litig. 1, 21 (Winter 1998) ..........................................................................11


**Other Sources Cited**

Borys Krawczeniuk, *Speculation Begins on Sherwood's Future*, The Citizens' Voice, June 17, 2005 ...........................................................................................................................10

Brett Marcy, *Sherwood Gets Official Challenger*, Aug. 25, 2005, at A1 .......................................10

Kevin Amerman, *Cynthia Ore, 29, Claims She Was Choked and Assaulted by the Congressman, 64*, Wilkes Barre Times Leader, Jul. 31, 2005 .....................................................10

Kevin Amerman, *Ore Calls Police Probe Weak*, Wilkes Barre Times Leader, June 19, 2005, at A1 ..............................................................................................................................10

Kevin Amerman, *Ore Lawyer to Focus on Non-Arrest*, Wilkes Barre Times Leader, Sept. 7, 2005, at A1 ......................................................................................................................7

Kevin Amerman, *Sherwood A Charmer, Ore Recounts*, Wilkes Barre Times Leader, May 8, 2005, at A1 ......................................................................................................................9

Kevin Amerman, *Sherwood Denies Choking Woman*, Wilkes Barre Times Leader, Apr. 30, 2005, at A1 ......................................................................................................................9

Kim Eisler, *Hands-On Case Has Top Lawyers*, Washingtonian, August 2005, at 12 ..................10

Mary Ann Akers, *Random Acts of Love*, Roll Call, Sept. 15, 2005 .................................................2

Richard Leiby, *The Reliable Source*, Wash. Post, May 4, 2005, at C3 ...........................................9

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Donald L. Sherwood respectfully requests that the Court enter a confidentiality order prohibiting public disclosure of certain discovery materials in this matter. The Supreme Court has held that discovery materials are not part of the public record in judicial proceedings, and courts often enter orders prohibiting disclosure of such materials upon a showing of good cause. Here, a confidentiality order is necessary to protect the privacy rights of both parties as well as nonparties to the litigation, and to prevent the annoyance, embarrassment, and undue burden that will result from public disclosure of highly private and confidential information being sought in discovery. A confidentiality order also is required to prevent prejudice to Defendant through pretrial publicity and to ensure that nonparties do not exploit discovery materials to the detriment of Defendant. Entry of a confidentiality order would not prejudice Plaintiff in any way, nor would it improperly infringe on the public's right of access to these proceedings.

## FACTUAL BACKGROUND

On June 15, 2005, Plaintiff filed suit in the Superior Court for the District of Columbia alleging that she had engaged in a sexual relationship with Defendant for approximately five years and that Defendant had repeatedly assaulted and abused her during that time period. Defendant, a current member of the United States House of Representatives, removed the case to this Court and filed his Answer on July 21, 2005, strongly denying all allegations of abuse.

Along with the Complaint and Summons, Plaintiff served on Defendant written discovery requests and a notice of deposition. Among the documents requested by Plaintiff are Defendant's medical records, credit card statements, and cellular telephone bills. *See* Plaintiff's First Request for Production of Documents to Defendant Donald Lewis Sherwood ¶¶ 8, 9, 14, 15 (Sept. 6, 2005) (attached as Exhibit A). Plaintiff also has requested in interrogatories that

Defendant identify the credit card number and expiration date of all credit cards issued to or used by Defendant and identify all cellular phones used by Defendant. *See* Plaintiff's First Set of Interrogatories to Defendant Donald Lewis Sherwood ¶¶ 9-10 (Sept. 6, 2005) (attached as Exhibit B).

The nature of the allegations in this case presages efforts to inquire into intimate details of the parties' personal lives; much of this information will not be properly discoverable, and if allowed, much of this discovery will not be admissible at trial.[1] Moreover, although Plaintiff's allegations are at odds with contemporaneous police investigations, which found no evidence of abuse (*see* D.C. Metropolitan Police Incident Report, Sept. 15, 2004 (attached as Exhibit C)), Plaintiff's counsel has told the media that Defendant "was given preferential treatment because he's a Congressman, no question." Mary Ann Akers, *Random Acts of Love*, Roll Call, Sept. 15, 2005 (attached as Exhibit D). Thus, discovery in this case will predictably seek intimate personal details from the parties and perhaps nonparties, seek confidential police investigative files, inquire into police investigative techniques, challenge the efficacy and good faith compliance with those techniques, and seek other private and confidential information.

## ARGUMENT

Discovery in this case will seek precisely the type of information that courts typically protect with a confidentiality order. From each other, the parties are already seeking medical records and credit card numbers and will likely inquire into the details of an intimate personal relationship. From individual nonparties, such as friends, physicians, and others, the parties will inquire into private discussions and other personal matters. From the D.C. Metropolitan Police and the U.S. Capitol Hill Police – both of which contemporaneously investigated and

---

[1] While this motion does not address whether Plaintiff should be precluded from seeking discovery of certain information or materials, Defendant reserves the right to object to Plaintiff's requests at a later date.

conclusively rejected Plaintiff's principal allegation – the parties will inquire into investigative methods, internal discussions, and personal opinions. Much of this information may ultimately prove irrelevant, inadmissible, and unreliable, but if publicly disclosed could lead to "annoyance, embarrassment, oppression, or undue burden or expense" for parties and nonparties. Fed. R. Civ. P. 26(c).

In addition, experience shows that both parties and nonparties are more inclined to cooperate with discovery if insured that their documents and testimony will not appear in the papers the next day. To ensure that the privacy rights of both parties and nonparties to this litigation are protected and to prevent the misuse of pretrial discovery materials for improper purposes, Defendant requests that the Court enter a confidentiality order prohibiting public disclosure of certain information obtained through discovery in this case.

In its unanimous decision in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), the Supreme Court of the United States upheld entry of a confidentiality order prohibiting the defendant Seattle Times from publishing certain material obtained through civil discovery. The Court emphasized the strong interest of the judiciary in the integrity of the discovery process and observed that "[i]t is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. . . [D]iscovery also may seriously implicate privacy interests of litigants and third parties." *Id.* at 34. The Court continued, in language especially apt here: "There is an opportunity, therefore, for litigants to obtain -- incidentally or purposefully -- information that not only is irrelevant but if publicly released could be damaging to reputation and privacy. The government clearly has a substantial interest in preventing this sort of abuse of its processes." *Id.* at 35. The Court also rejected a claim that depositions and interrogatories are public components of a civil trial, given that "they are conducted in private as

a matter of modern practice." *Id.* at 33. This is a case in which it is appropriate for the Court to exercise its discretion to enter a confidentiality order.

I.  **A CONFIDENTIALITY ORDER IS NECESSARY TO PROTECT THE PRIVACY RIGHTS OF BOTH PARTIES AND NONPARTIES.**

A confidentiality order is necessary in this case to prevent public dissemination of highly private and confidential information that, if publicly released, would violate the privacy rights of both parties and nonparties to this litigation. In *Seattle Times,* the Supreme Court recognized that protective orders may be necessary in cases to combat the negative impact discovery can have on the privacy interests of litigants and nonparties. *Id.* at 34-35. "Although [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Id.* at 35 n.21 (applying state law equivalent of Federal Rule 26(c)); *see also In re Sealed Case*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) (quoting *Seattle Times* and remanding the case to the district court for reconsideration of an order requiring production of medical records).

    A.  **A Confidentiality Order Is Necessary To Protect the Privacy Rights of the Parties.**

It is clear from the discovery requests discussed above that Plaintiff is seeking, through written discovery and deposition testimony, documents and information concerning Defendant's personal medical history and financial records. Likewise, because Plaintiff is claiming damages for alleged physical and emotional injury, her medical and psychiatric records are subject to discovery in this litigation. Although counsel for Plaintiff has expressed a desire to preserve the confidentiality of Plaintiff's medical records, plaintiff is, nevertheless, resisting entry of a confidentiality order.

Courts have routinely recognized the private nature of medical and financial information and issued protective orders limiting their disclosure. In *Pearson v. Miller*, 211 F.3d 57 (3d Cir.

2000), the plaintiff sought discovery of information related to a defendant's mental health treatment in a civil lawsuit arising out of a sexual assault. *Id.* at 60-61. Recognizing that "[l]egitimate interests in privacy are among the proper subjects" covered by Rule 26(c), the Third Circuit remanded the case to the district court for consideration of a protective order that would limit disclosure of sensitive information. *Id.* at 72-74. Likewise, in *Anderson v. Ramsey*, No. 04-56, 2005 U.S. Dist. LEXIS 2935 (D.D.C. Mar. 1, 2005) (attached as Exhibit E), the district court granted the plaintiffs' motion for a protective order limiting access to medical reports and wage and income records due in part to the private and confidential nature of the information contained in the records. *Id.* at *6-7; *see also Peskoff v. Faber*, No. 04-526, 2005 U.S. Dist. LEXIS 14695, *26 (D.D.C. July 22, 2005) (attached as Exhibit F) (entering a confidentiality order to protect the financial information of parties and nonparties from improper disclosure); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (acknowledging that it may be appropriate for the district court to seal psychiatric records that, although pertinent to the lawsuit, would be "highly embarrassing to the average person.").

Here, both Plaintiff and Defendant have strong privacy interests in preventing public disclosure of their personal medical information obtained through written discovery or deposition testimony. As courts have recognized, "'[p]sychological and medical examinations are by their nature intrusive and implicate sensitive matters.'" *Alexander v. FBI*, 186 F.R.D. 54, 57 (D.D.C. 1998) (citation omitted). Release of such information to the public in this litigation would violate the parties' privacy rights and serve no legitimate purpose. By entering a confidentiality order, the Court would ensure that the private medical information of both Plaintiff and Defendant is not disclosed to the public.

Defendant also has a strong privacy interest in preventing public disclosure of his personal credit card information and telephone records. Release of Defendant's credit card numbers and expiration dates would significantly threaten the security of his finances. Nonparties could use the information to improperly access Defendant's accounts and make illegal charges. Likewise, because of Defendant's status as a United States Congressman, release of his cellular telephone records may raise unique security issues. Defendant conducts both personal and official government business on his cellular phone. Such records are not generally available to the public and should not be publicly disclosed in pretrial discovery.

In addition, a confidentiality order should be entered to help alleviate some of the annoyance and embarrassment that Plaintiff and Defendant will suffer from detailed inquiries into their personal and private relationships. The Tenth Circuit in *Miller v. Regents of the Univ. of Colo.*, No. 98-1012, 1999 U.S. App. LEXIS 16712 (10th Cir. July 19, 1999) (attached as Exhibit G), affirmed a protective order that, in part, restricted distribution of discovery materials, to protect both parties and nonparties from undue annoyance, embarrassment, and harassment arising from the plaintiff's inquiries into alleged improper sexual conduct. *Id.* at *7, *32. Here, there is a significant risk of annoyance, embarrassment, and undue burden on the parties if information regarding their private relationship is publicly revealed. As the Supreme Court recognized in *Seattle Times*, there is no public right of access to discovery information that may be irrelevant, legally inadmissible, and inaccurate. 467 U.S. at 35.

### B.   A Confidentiality Order Is Also Necessary To Protect the Interests of Nonparties.

Courts often have limited the public disclosure of confidential information to protect the privacy rights of nonparties. For instance, in *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118 (D.D.C. 2005), the district court granted a motion for a protective order that limited

public disclosure of nonparties' personal information, including home addresses and phone numbers, that appeared in certain discovery documents. *Id.* at 123-124. Similarly, the Sixth Circuit in *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359 (6th Cir. 1999), found no abuse of discretion by the district court which had entered a confidentiality order limiting access to personnel files of nonparties. *Id.* at 365.

In this litigation, Plaintiff's discovery requests cover private financial and personal information of nonparties. For instance, Plaintiff has requested cellular phone records that list the private phone numbers of persons who called or were contacted by Defendant, whether or not they have any relation to this litigation. Public disclosure of this nonparty information would violate the privacy interests of these individuals and result in potential annoyance or financial harm should the information be used for purposes outside of these proceedings.

It is clear from the allegations in this case that discovery will seek additional documents and testimony from nonparties. As shown, Plaintiff's counsel has already publicly announced an intent to pursue allegations of a "cover up" by police. *See, e.g.,* Kevin Amerman, *Ore Lawyer to Focus on Non-Arrest*, Wilkes Barre Times Leader, Sept. 7, 2005, at A1 (attached as Exhibit H). Such an attack on the reputations of individual police officers implicates important interests of those nonparty officers, and irrelevant, inadmissible, and unreliable claims of this nature could damage innocent reputations if published. Moreover, other nonparties will be asked about their observations of the parties and about private conversations they may have had with Plaintiff, Defendant, or other persons. It is not difficult to imagine other avenues down which unrestricted discovery might travel. Therefore, a confidentiality order is essential to protect nonparties as well as parties.

## II. A CONFIDENTIALITY ORDER IS NECESSARY TO PREVENT UNDUE PREJUDICE TO DEFENDANT.

Without a confidentiality order, there exists a substantial likelihood that Defendant will be unduly prejudiced both in these proceedings and outside of the litigation. In high profile cases, there is a significant risk that pretrial publicity arising from the release of discovery materials will have a negative impact on the prospective jury pool and threaten the Defendant's right to a fair trial. Protective orders "give judges the discretion to exercise their constitutional duty to protect litigants' rights to a fair trial and privacy." *In re San Juan Star Co.*, 662 F.2d 108, 116 (1st Cir. 1981). Because of Defendant's position and the sensational nature of the allegations, this case has already generated extensive publicity, and a prejudicial "trial in the press" rather than the courtroom is a serious concern.

Accordingly, courts in numerous cases have entered confidentiality orders sealing discovery to prevent prejudice to defendants caused by pretrial publicity. *See, e.g., Jones v. Clinton*, 12 F. Supp. 2d 931, 936 (E.D. Ark. 1998) (entering a protective order to limit prejudicial pretrial publicity); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 8 (1st Cir. 1986) (finding good cause for entry of confidentiality order prohibiting public disclosure of discovery materials where court was concerned that extensive publicity would prevent selection of impartial jury); *In re San Juan Star Co.*, 662 F.2d at 117 (affirming order prohibiting disclosure of deposition contents to the press or public because of intense pretrial publicity); *In re Special Proceedings*, 291 F. Supp. 2d 44, 48 (D.R.I. 2003) (finding that a confidentiality order was a reasonable means of avoiding prejudicial pretrial publicity likely to threaten the defendants' right to a fair trial); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355-56 (11th Cir. 1987) (affirming confidentiality order entered by district court due to "the fear of adverse publicity, intimidation

or other outside forces that could interfere with the free flow of information, most of which would not be admissible during the actual litigation stage of [the] cases.").

In the highly publicized case of *Jones v. Clinton*, 12 F. Supp. 2d 931 (E.D. Ark. 1998), the district court entered a confidentiality order limiting the dissemination of discovery materials and sealing certain court filings because of the salacious nature of the discovery and the intense media coverage surrounding allegations of sexual harassment against President Bill Clinton. *Id.* at 935-36. The court entered the order "to help ensure that a fair and impartial jury could be selected . . . by limiting prejudicial pretrial publicity." *Id.* at 936. In denying subsequent motions to rescind or modify the confidentiality order, the court emphasized the need to ensure a fair trial and the need to protect the privacy rights of nonparties. *Id.* Not until <u>after</u> the court granted summary judgment and dismissed the case did the court modify the order and release some but not all discovery materials. *Id.* Even then, however, the court continued to maintain under seal certain information regarding nonparties and all videotapes of depositions taken in connection with the lawsuit. *Id.* at 937-38.

In this case, Defendant is a current member of the United States Congress who has been accused of allegedly assaulting and abusing Plaintiff during a five year sexual affair. While Defendant strongly denies any allegation of abuse, the sensitive nature of these claims and the political standing of Defendant have resulted in intense public scrutiny of this case. It has received extensive media attention and has obvious political overtones in light of Defendant's intent to seek reelection in 2006. *See, e.g.*, Kevin Amerman, *Sherwood Denies Choking Woman*, Wilkes Barre Times Leader, Apr. 30, 2005, at A1 (attached as Exhibit I); Richard Leiby, *The Reliable Source*, Wash. Post, May 4, 2005, at C3 (attached as Exhibit J); Kevin Amerman, *Sherwood A Charmer, Ore Recounts*, Wilkes Barre Times Leader, May 8, 2005, at A1 (attached

as Exhibit K); Borys Krawczeniuk, *Speculation Begins on Sherwood's Future*, The Citizens' Voice, June 17, 2005 (attached as Exhibit L); Kevin Amerman, *Ore Calls Police Probe Weak*, Wilkes Barre Times Leader, June 19, 2005, at A1 (attached as Exhibit M); Kevin Amerman, *Cynthia Ore, 29, Claims She Was Choked and Assaulted by the Congressman, 64*, Wilkes Barre Times Leader, Jul. 31, 2005 (attached as Exhibit N); Kim Eisler, *Hands-On Case Has Top Lawyers*, Washingtonian, August 2005, at 12 (attached as Exhibit O); Brett Marcy, *Sherwood Gets Official Challenger*, Aug. 25, 2005, at A1 (attached as Exhibit P). Any information released during the discovery phase of this litigation is sure to garner significant public attention. Moreover, much of the information obtained through pretrial discovery is likely to be irrelevant, unreliable, and legally objectionable. In view of these factors, there is no reason, under the First Amendment or otherwise, to grant unlimited access to such pretrial information to the public.

In addition to prejudicing Defendant in these judicial proceedings, disclosure of pretrial discovery materials also threatens irreparable harm to his personal and professional life. As discussed previously, "pretrial discovery by depositions and interrogatories has a significant potential for abuse." *Seattle Times*, 467 U.S. at 34. Plaintiff has announced an intention to seek a videotaped deposition of Defendant.[2] Because Defendant will be available to testify at trial, Defendant does not believe that such a videotaped deposition is necessary or appropriate. Even when courts have allowed videotaped depositions of public figures, however, they have often subjected them to strict confidentiality orders to prevent abuse by opponents or by nonparties. *See Inhofe v. Wiseman*, 772 P.2d 389, 394 (Okla. 1989); *Paisley Park Enters., Inc. v. Uptown Prods.*, 54 F. Supp. 2d 347, 349 (S.D.N.Y. 1999); *United States v. McDougal*, 940 F. Supp. 224,

---

[2] Defendant objects to the videotaping of his deposition and intends to file a separate motion regarding this matter at a later date.

228 (E.D. Ark. 1996), *aff'd*, 103 F.3d 651 (8th Cir. 1996); *Jones v. Clinton*, 12 F. Supp. 2d at 935-36.

The potential for discovery abuse is greater when a deposition is recorded by video as opposed to other stenographic means, and the potential for prejudice is "especially acute" when a case involves a public figure. *See Inhofe*, 772 P.2d at 393. In such instances, nonparties may seek to exploit discovery materials to prejudice a case or for improper purposes wholly separate from the judicial proceedings. "Thus, courts must be vigilant to ensure that their processes are not used improperly for purposes unrelated to their role." *Paisley Park Enters., Inc.*, 54 F. Supp. 2d at 349 (restricting the use and release of rock star Prince's videotaped deposition to litigation purposes only).

In cases involving political officials, "[n]on-contextual, non-sequential film clips and sound bytes could be particularly devastating, not only to the specific pending litigation, but also to the electoral process in general." *Inhofe*, 772 P.2d at 398. As commentators have recognized, "members of the press or politicians may use a video deposition of a prominent public figure, and the attendant power to compel appearance, to prepare material that could be put to other purposes, such as news 'video bites' or negative campaign commercials." *See also* Michael J. Henke & Craig D. Margolis, *The Taking and Use of Video Depositions: An Update*, 17 Rev. Litig. 1, 21 (Winter 1998) (attached as Exhibit Q).

Accordingly, courts have issued confidentiality orders limiting the release and use of videotaped depositions of public officials to prevent misuse of discovery materials. In *Inhofe*, 772 P.2d 389, the Oklahoma Supreme Court required that the lower court issue a protective order prohibiting public dissemination of the videotaped deposition of then Congressman James Inhofe to prevent improper use of the discovery materials for political purposes and to prevent the case

from being tried in the press. *Id.* at 394.  Similarly, after the trial in *United States v. McDougal*, 940 F. Supp. 224 (E.D. Ark. 1996), *aff'd*, 103 F.3d 651 (8th Cir. 1996), the district court allowed public access to the portions of the videotaped deposition of President Clinton that had actually been introduced and played at trial, but denied the press access to the full videotape due to concerns that "once released and rebroadcast, the press cannot maintain control over individuals who might copy the broadcast and edit it to suit their purposes." *Id.* at 228.

Even if the parties themselves do not engage in any improper use of the deposition materials in this case, nonparties may very well seek to exploit the depositions to prejudice the proceedings and politically harm Defendant.  The use of Defendant's deposition for such purposes would distract from these proceedings and in no way further the ends of justice in this case.  The Court should not facilitate misuse of the discovery process and should enter a confidentiality order prohibiting public release of certain discovery material, including Defendant's deposition testimony.  *See United States v. McDougal*, 103 F.3d 651, 658 (8th Cir. 1996) (affirming district court's denial of access to the full videotaped deposition of President Clinton and cautioning that "as a matter of public policy, . . . courts should avoid becoming the instrumentalities of commercial or other private pursuits.").

### III.   THERE IS NO PREJUDICE TO PLAINTIFF FROM ENTRY OF A CONFIDENTIALITY ORDER.

The entry of a confidentiality order prohibiting disclosure of certain discovery material would not prejudice or burden the Plaintiff in any way.  Plaintiff would still have access to all relevant documents and information necessary for properly preparing and presenting her case in court.  In fact, a confidentiality order would benefit Plaintiff by preventing public disclosure of her medical records and other private information that will be subject to discovery.  A

confidentiality order, therefore, will protect the rights of both parties and ensure fair resolution of these proceedings.

IV. **THE PUBLIC'S RIGHTS ARE NOT INFRINGED BY A CONFIDENTIALITY ORDER.**

There is no absolute public right of access to pretrial discovery materials. *See Seattle Times*, 467 U.S. at 33. Because Defendant has established good cause for prohibiting the public disclosure of certain information obtained through pretrial discovery, a confidentiality order will not infringe the constitutional rights of the press or the public. "While many members of the public have an interest in every imaginable detail about the life of a [public figure], virtually all have an interest in ensuring that everyone in our society have access to a fair and impartial judicial system without having to pay too high a price of admission in the form of the surrender of personal privacy." *Paisley Park Enters., Inc.*, 54 F. Supp. 2d at 349.

## CONCLUSION

Accordingly, Defendant Donald L. Sherwood urges the Court to enter the proposed confidentiality order to protect the privacy rights of both parties and nonparties to this litigation, to prevent undue prejudice to Defendant through excessive pretrial publicity, and to protect against any potential misuse of discovery for purposes wholly separate from these proceedings.

Respectfully submitted,

*Bobby R. Burchfield*/MNC
Bobby R. Burchfield (D.C. Bar # 289124)
Meredith N. Caskey (D.C. Bar # 482449)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

*Counsel for Defendant
Donald L. Sherwood*

September 23, 2005