IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA MIRELLA ORE,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD LEWIS SHERWOOD,<br><br>*Defendant.* | Civil Action No. 1:05CV01434 (PLF/DAR)<br><br>Judge Paul L. Friedman<br>Magistrate Judge Deborah A. Robinson |

**ORDER**

Upon consideration of Defendant's Motion and Supporting Memorandum for Confidentiality Order Prohibiting Public Disclosure of Certain Discovery Materials, all Oppositions and Replies thereto, and all arguments by counsel, it is on this ___ day of September, 2005 hereby

ORDERED that the motion is GRANTED, and it is further

ORDERED that the following confidentiality provisions are imposed upon any discovery conducted in this action:

1. "Confidential information" shall be defined as any medical, financial, or personal information of a party or nonparty that, if disclosed, would prove invasive of the privacy of that party or nonparty, or materially damaging to his or her reputation, and that is timely designated by the producing or testifying party or nonparty as "confidential."

2. Any response to any request for information produced in discovery in this action, including any document, deposition testimony, deposition transcript or videotape, and exhibits thereto, may be designated by any party or nonparty as "confidential," to the extent that such information constitutes confidential information as defined above.

3. Confidential documents and information, including copies or summaries thereof, shall be used only for the prosecution or defense of this action and shall not be used or employed for any other purposes whatsoever. Confidential information shall not be disclosed or made available to anyone except:

(a) the Court;

(b) the parties to this action, and officers, directors or employees of the parties who are actively participating in this action (including, but not limited to any mediation, arbitration, or other settlement process, as well as appeals of this action);

(c) counsel for the parties to this action and employees of said counsel;

(d) experts or consultants specifically retained by the parties or their counsel to assist in the preparation of this case or serve as expert witnesses at the trial of this action;

(e) nonparty witnesses whom counsel reasonably deem necessary for the preparation and trial of this action;

(f) court reporters engaged to record depositions, hearings, or trials in this action; and

(g) any mediator selected by the parties or appointed by the Court.

4. Disclosure of confidential information pursuant to this Order shall be handled as follows:

(a) Any person described in subparagraphs 3(a), (b), and (c) of this Order is bound by the provisions of this Order without the necessity of executing a confidentiality agreement;

(b)     Any person described in subparagraph 3(f) of this Order is bound by the provisions of this Order without the necessity of executing a confidentiality agreement if he or she notes his or her agreement on the record;

(c)     Before confidential information is disclosed to any person set forth in subparagraphs 3(d), (e), and (g) of this Order, the party disclosing the information shall inform the person to whom the disclosure is to be made, in writing, at least five (5) days in advance, that confidential information shall be used for the purposes of the prosecution or defense of this action only, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement stating the following:

> I, _____, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions of a Confidentiality Order entered on September __, 2005 in the matter of *Ore v. Sherwood*, No. 1:05CV01434, in the United States District Court for the District of Columbia; that I have been given a copy of and have read the Confidentiality Order; and that I hereby agree to be bound by its terms and conditions. I further agree and attest to my understanding that, in the event I fail to abide by the terms of the Confidentiality Order, I may be subject to sanctions imposed by the Court.

(d)     As long as confidential information is handled in accordance with this Order, this Order shall not be construed as prohibiting or restricting the use of confidential information during any depositions, mediation, hearing, the trial of this matter, or any appellate proceeding.

5.     Nothing in this Order shall prevent or restrict the use of confidential information during the trial or any proceeding before the Court, except that any confidential information filed with the Court shall be filed under seal with the designation "Confidential Material Subject to

Court Order entered on September __, 2005 in the matter of *Ore v. Sherwood*, No. 1:05CV01434, in the United States District Court for the District of Columbia.

6. Nothing in this Order shall prevent the disclosure of confidential information beyond the terms of this Order if the party or witness who produced the information consents in advance in writing.

7. This Order shall not limit or in any way restrict the right of any person or entity to use, disseminate, dispose of, or otherwise benefit from documents or information obtained (i) other than through discovery in this action, or (ii) from any person or entity with authority to provide such documents or information independent of any confidentiality requirement imposed by this Order.

8. If any party hereto disagrees with the designation of any discovery materials as confidential, counsel shall attempt to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, the material in question shall continue to be treated as confidential under the terms of this Order unless and until the Court issues a final ruling that the material is not of a confidential nature.

9. This Order shall remain in effect during the pendency of this case and subsequent to its termination so as to protect the confidentiality of the confidential information.

10. The parties agree to return to counsel of record producing such documents, not later than 30 days after the termination of this litigation, including appeals, any and all

- 5 -

documents and copies thereof in their possession or control containing information which is the subject of this Order.

_____
Hon. Deborah A. Robinson
United States Magistrate Judge

Copies to:

Bobby R. Burchfield (D.C. Bar # 289124)
Meredith N. Caskey (D.C. Bar # 482449)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005

Patrick M. Regan (D.C. Bar # 336107)
Paul Cornoni (D.C. Bar # 489398)
REGAN, HALPERIN & LONG, PLLC
1919 M Street, N.W., Suite 350
Washington, D.C. 20036